UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In Re:

                                             Case No. 21-47459
NIDA ALSHAIKH DDS PC,                        Chapter 11
                                             Hon. Lisa S. Gretchko
            Debtor.
_____/


## OBJECTION TO CONFIRMATION


Bank of America (Bank), by and through one of its counsel, Plunkett Cooney, files this its Objection to Confirmation and in support thereof would show this Court as follows:

1.     The Debtor filed for Chapter 13 bankruptcy relief on September 17, 2021.

2.     On March 1, 2017 the Debtor's dental practice executed a Small Business Project Loan Agreement in the original principal amount of $501,125.00 as Amended by a Loan Modification Agreement dated July 24, 2020.   The Debtor signed as the President of her dental practice and guaranteed the debt in her individual capacity.  A copy of the Loan Agreement signed by the Debtor as Guarantor is attached as **Exhibit A.**

3. Prior to the filing of bankruptcy, the Bank made a demand upon the Debtor for payment given the default of the dental practice to pay. The Bank further sued the Debtor in Federal District Court on August 5, 2021 initiating Case no. 21-cv-11812. As of September 17, 2021 the amount owing by the Debtor to the Bank was $483,360.66 with interest accruing plus continuing attorney fees, costs and expenses.

4. The Debtor filed her Schedules of Assets and Liabilities and Statement of Financial Affairs on October 1, 2021 (DN 17). The Debtor fails to list the Bank as an unsecured creditor with a specific dollar amount. However, given her Guaranty and the pre-petition default, the amount owing under her Guaranty is fully due and payable. As of the filing of her bankruptcy the Debtor owed the Bank at least $483,360.66 with interest accruing, attorney fees, costs and expenses accruing. As such, the Debtor, just with the Bank of America debt alone, is over the debt limit allowed for Chapter 13 debtors in 11 USC §109(e). This amount does not even take into account the amount owing to the other creditors such as Citizens Bank. As a result, the Debtor is ineligible for Chapter 13 bankruptcy relief.

5. The Debtor at her meeting of creditors held on October 20, 2021 admitted under oath that she had failed to file timely her 2020 income tax return. Pursuant to 11 USC §1308(a), a debtor must file all tax returns for the

four year period before the filing of bankruptcy. The Debtor has failed to file timely her 2020 Federal and most likely State income tax returns. Pursuant to 11 USC §1307(e) upon the failure of a debtor to file a tax return under §1308, the Court shall dismiss a case or convert a case to a case under Chapter 7, whichever is in the best interest of the creditors and the estate. Given the failure of the Debtor to timely file her 2020 Federal and most likely State income tax return, this case must either be dismissed or converted.

6.     The Debtor's schedules indicate on Schedule I that the Debtor earns $7,300 a month with no deductions for taxes, Medicare or social security deductions. Schedule J likewise shows no deductions for the payment of any taxes, Medicare or social security. At the meeting of creditors, both in the corporate Sub-Chapter V case, Case no. 21-47459 and in the Debtor's Chapter 13 case, the Debtor testified that she does not in fact earn $7,300 a month. Rather, the Debtor testified that she has only earned $5,000 the entire year. She also testified that she does not withhold taxes, Medicare or social security payments. Her plan is patently not feasible given that she does not earn anywhere near $7,300 a month and does not pay any taxes, Medicare or social security payments.

7.     The Debtor's plan provides for the minimal 36 month payment period yet on its worksheet shows payment extending for 60 months. The

Debtor must amend her Plan, if she is to even stay in Chapter 13, to a 60 month plan, not a 36 month plan.

8. The Debtor's Chapter 13 Plan shows a lease of a 2018 GMC Yukon and a 2020 Ford Fusion. The Debtor's daughter drives one of the vehicles. The Debtor, however, pays the lease payment, gas and insurance. The Debtor's plan represents That the lease on the 2018 GMC Yukon expires July 2021 and the lease on the 2020 Ford Fusion expires September 2022. Once these leases expire, then the Debtor's plan payments need to increase given that the Debtor will have additional disposable income not having to make these lease payments.

9. The Debtor in July 2021 withdrew from the Dental practice $60,000. The Debtor then used the $60,000 to pay three relatives the $60,000 for monies that the relatives had allegedly loaned to the Debtor over the years. There is no documentation to substantiate the $60,000 in loans to the Debtor. The Debtor, however, failed to disclose these transfers which are either preferences or fraudulent transfers. The Debtor's Statement of Financial Affairs also indicates that the Debtor paid for her Chapter 13 counsel. However, from a review of the Dental corporate records, the actual payment for counsel for the Debtor in this Chapter 13 came not from the Debtor, but from the dental practice itself.

10.     The Debtor's Plan is patently not confirmable.  The Debtor is not eligible for Chapter 13 relief being over the debt limit and failed to file her 2020 Federal and most likely Michigan income tax returns and has failed to disclose significant transfers to insiders shortly before her filing.  The debtor does not earn $7,300 a month and does not pay taxes, Medicare or social security .

WHEREFORE Bank of America objects to the Debtor's Chapter 13 Plan and respectfully prays that this Court deny confirmation and for all other relief as is just and proper.


Respectfully submitted,

PLUNKETT COONEY


By:  /s/DAVID A. LERNER
DAVID A. LERNER – P44829
Attorney for Bank of America
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 901-4010
dlerner@plunkettcooney.com

Dated:   November 3, 2021

Open.10604.12673.27462842-1